## J. M. DAVIS & CO. *v.* A. J. RICE & CO. ET AL.

**Lien—Contracts—Rights of Seller of Goods.**

> A lien is a right to retain property until some charge upon it is paid: and may be legal or equitable. The sellers lien upon goods for their price, is a legal lien and is founded on possession.

**Lien of Creditor on Goods in Transitu.**

> A sale of goods, made on the express condition that they were to be paid for on delivery, held, to create a lien in the creditor, to the exclusion of other creditors, where the goods were temporarily stopped in transitu and attached.

**Same.**

> If the terms allowed for payment for goods, elapse before delivery, the sellers right of lien revives. So if the buyer becomes insolvent before actual delivery, the seller regains his lien.

APPEAL FROM MCCRACKEN CIRCUIT COURT.

November 3, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In May, 1867, A. J. Rice & Co., a firm of merchants doing business in *Florence, Ala.,* sent their written request or order to J. M. Davis & Co., wholesale grocers in Louisville, Ky., to send them two sacks of good Rio coffee, two barrels good brown

sugar and two boxes of starch, through their agents, to be paid for on delivery.

The articles were shipped on the 8th of June by Davis & Co., on the steamer *Cora S.* in good order, to be delivered to consignees in like good order and condition, with privilege of storage, reshipping, and lighterage over shoals, etc., and the price for transportation fixed, all of which is shown by the bill of lading given to Davis & Co.

These goods were landed temporarily at Paducah, to be there re-shipped to their destination, and before Rice & Co. had become possessed of them, and while at Paducah, they were attached by the Kanawha Salt Company for a debt, alleged by said company to be owing to it by Rice & Co.

Davis & Co. filed their petition alleging the foregoing facts, and also that the goods were theirs, that they never had parted with the possession of them, that Rice & Co. had not paid for them, and the goods were not to be delivered until paid for, claiming that they had a seller's lien on them, or if they had a right to stop them *in transitu,* Rice & Co. being insolvent, or greatly embarrassed.

The suits of J. M. Davis & Co. and of the Kanawha Salt Co. against Rice & Co. were consolidated and heard together.

On final hearing, the attachment of Davis & Co. was discharged, and their petition dismissed, the attachment of the Kanawha Salt Co. sustained, and the goods adjudged to be sold to satisfy their claim, and Davis & Co. have appealed.

In Story on Contracts, section 795, it is said: A lien is a right to retain property until some charge upon it is paid; and may be legal or equitable. The seller's lien upon goods for their price, is a legal lien and is founded on possession.

So soon therefore, as the seller relinquishes the possession of the property, he loses his right of lien. Herein the seller's right of detaining the goods differs from his subsequent right to stopping them *in transitu,* for the latter right exists until they shall have arrived at their place of destination, and been transferred to the actual possession of the buyer. Possession is the test of a right of lien. Non-delivery to the vendee is the test of a right of stoppage *in transitu.*

Sec. 796. The payment of the price is a condition precedent implied in a contract of sale, without which the vendee can

neither take the goods, nor sue for them, unless a future day of payment be fixed in the contract, in which case, he waives his lien and the purchaser may take the goods when he pleases. The seller however, has a remedy by action against the buyer in default of payment at the stipulated time.

But if the term allowed for payment elapse before delivery, the seller's right of lien revives. So if the buyer become insolvent before actual delivery, the seller regains his lien.

In this case the sale was made on the express condition that the goods were to be paid for upon their delivery, they were in the possession of appellants when the attachment of appellees' was levied on them, as the evidence shows, and consequently their lien for the price had not been waived, and it was superior to any appellees acquired by their attachment, and the court below erred in dismissing their petition and discharging their attachment.

According to the evidence, the solvency of Rice & Co. was at least questionable. But appellants' right to stop the goods *in transitu* need not be considered, as their lien as vendees is clearly established.

Wherefore the judgment is reversed, and the cause is remanded with directions to render judgment to enforce the lien of appellants on the goods described, and for further proceedings in accordance with this opinion.

*King, Bramblette, for appellants.*

*W. G. Bullitt, for appellees.*